# William J. Sweeney, Appellant, *v.* William H. Horn.

*Equity—Conversion—Deed.*

Money directed to be employed in the purchase of land, and land directed to be sold and turned into money, are to be considered as that species of property into which they are directed to be converted; and this, in whatever manner the direction is given, whether by will, by contract, by marriage articles, by settlements or otherwise.

*Equity—Conversion—Mortgage—Ejectment.*

Where the owners of several mortgages unite in executing a deed of trust in which they recite that their purpose is " to realize on said mortgages," and authorize the trustees to foreclose and if necessary buy in the land, and thereafter sell the land at public sale and divide the proceeds among the parties according to their interests, the interests of the beneficiaries in the land, after it is bought by the trustees, but before it is resold by them, are not subject to the lien of a judgment, and the purchaser of the interest of any one of them, as land, takes no title which is enforceable by an ejectment.

*Ejectment—Evidence—Amendment—Waiver.*

Where the court permits a party in an ejectment to amend his abstract of title so as to make admissible a writing not mentioned in the original abstract, and the opposite party does not plead surprise, but offers other untenable objections to the admission of the writings, the court will be justified in assuming that the surprise has been waived, and in proceeding with the trial.

Argued Jan. 13, 1899. Appeal, No. 292, Jan. T., 1898, by plaintiff, from judgment of C. P. No. 4, Phila. Co., Dec. T., 1895, No. 718, for defendant, non obstante veredicto. Before STERRETT, C. J., WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Ejectment for land in the Twenty-seventh ward of the city of Philadelphia.

At the trial the court instructed the jury as follows :

Upon the writings in evidence, which are undisputed, the question whether the interest of James G. Magee under the declaration of trust by William H. Horn is realty or personalty is reserved, and a verdict directed for the plaintiff, subject to a just proportion of the amount due the trustees.

Subsequently the court in the following opinion by AR-NOLD, P. J., directed judgment for defendant, non obstante veredicto :

The holders of several mortgages of a large tract of land which were overdue, and on which default had been made in the payment of interest, agreed among themselves to appoint four trustees to carry into effect their desire to realize upon the mortgages, and to that end did irrevocably give them full and absolute power as trustees without reference to the owners of the mortgages (1) to become the assignees of their interest in the mortgages, (2) to foreclose the mortgages, and (3) if at the sheriff's sale the real estate should bring a price satisfactory to three of the four trustees, to let the property go to the bidder, but (4) if the sum bid was not satisfactory, the trustees were to purchase the real estate, hold the same, raise by temporary loans such money as might be necessary to purchase an outstanding interest of one sixteenth held by another person, and the costs, fees, city improvements, taxes and other legal charges ; to raise by mortgage or other incumbrance on the real estate all moneys necessary to pay off the aforesaid temporary loans and pay the taxes, city improvements and other legal charges that might thereafter become due on the real estate, and thereafter to sell the real estate at private or public sale. The extreme length of time fixed for a public sale was twenty-one months, but it was provided that the offer obtained for the same at that time should be satisfactory to at least one of the trustees. Upon any sale, the money less legitimate expenses should be divided among the parties according to their respective interests. This agreement was not recorded. Suit was brought upon the mortgages, the real estate was sold at sheriff's sale on November 5, 1894, and bought by the trustees, the sheriff's deed being made to the defendant, who is one of the four trustees. He executed a deed of trust in accordance with the agreement above mentioned, which was not recorded. In September, 1895, the plaintiff, who was a judgment creditor of James G. Magee, one of the parties who held an interest in the mortgages, and also under the declaration of trust, purchased the interest of his debtor in said property (said to be seventeen two hundred fifty-sixths) at sheriff's sale, where it was sold as if it were real estate, and brought this action of ejectment to recover said in-

terest as real estate.   At the trial the trustee, the defendant in
this action, testified that he would accept $150,000 for the
property, and that the incumbrances against it amount to some-
thing over $20,000.   He also testified that he had tried to sell
the property at public sale, and the highest amount bid was in-
side of $100,000, that he has tried to sell the property, and does
not think it a good time to push it now.   A verdict was directed
for the plaintiff, subject to a just proportion of the amount due
the trustees, reserving the question whether the interest of
James G. Magee, under the declaration of trust, is realty or
personalty.

Upon due consideration we are of the opinion that the inter-
est of James G. Magee is personalty and not real estate.   There
are many reasons for this.   It is a share in the proceeds of the
land when sold and not an interest in the land itself.   There is
an interest and right of the other parties to the agreement to
have it carried out.   Mutuality is a sufficient consideration for
the agreement, which, by its terms, was made irrevocable.   The
parties desire money and not land.   Their interests in the be-
ginning were money interests secured by mortgages, which are
personal property, and they mutually agreed that their interests
should so continue until the mortgages could be converted into
money.   The trustees have an interest for advances which is
superior to the rights of any of the parties, and they are enti-
tled to be paid before division of the proceeds is made.   If any
part of the property should be taken out of the trustees' hands
without paying the incumbrances, they would be deprived of
the security given by the agreement.   While the case is not
exactly a partnership, yet it is akin to it, and some of the prin-
ciples of partnership law may be applied to it.   Real estate of
a partnership is personalty as between the partners and their
creditors so long as the partnership continues and there are
creditors to be paid, although in conveying it the forms required
for conveying real estate must be followed.   One partner can-
not convey the firm interest in it.   It is true that a man cannot
by a mere declaration convert his land into personalty so as to
defeat mortgages, judgments and other incumbrances, and
change the course of distribution in case of intestacy; but if a
trust is created, either by deed or will, with an absolute direc-
tion to sell and distribute the proceeds among creditors or other

persons, equity considers that as actually done which has been
directed to be done, in order to accomplish the lawful intent of
the grantor or testator: Foster's Appeal, 74 Pa. 391; Du Bree
v. Albert, 100 Pa. 483; Leaf's Appeal, 105 Pa. 505.   In Kramer
v. Arthurs, 7 Pa. 165, it was decided that a joint stock company
to deal in land is essentially a partnership, and land purchased
by it as an article of trade, is not subject to judgment and exe-
cution at the suit of a separate creditor.   The interest of a part-
ner is not the estate of a tenant in common in the lands, but a
resulting interest in the proceeds.   It is not bound by a judg-
ment for his separate debts.   Kramer v. Arthurs and Du Bree
v. Albert were actions of ejectment for interests in partnership
real estate.   The case of Hunter v. Anderson, 152 Pa. 386, is
very much like that before us.   Their creditors joined in ap-
pointing a trustee to buy in a debtor's property and sell it for
the benefit of the creditors as early as possible, by public or
private sale, and it was held that the interest of the creditors
was personalty and not realty.

The remedy of a creditor of one of the parties entitled to the
proceeds is by attachment sur judgment.

Judgment for defendant on the point reserved.


*Error assigned* was in entering judgment for defendant on
the point reserved.


*William H. Burnett*, for appellant.—The interest of James G.
Magee was realty and not personalty.

Whenever actual sale is necessary to make conversion none
takes place until such sale: Peterson's App., 88 Pa. 397; Dray-
ton's App., 61 Pa. 172; Miller's App., 60 Pa. 404; Nagle's
App., 13 Pa. 260; Stoner v. Zimmerman, 21 Pa. 394; Ane-
walt's App., 42 Pa. 414; Brook v. Badley, L. R. 3 Chan. Ap-
peal Cases, 672; Foster's App., 74 Pa. 391.


*Hazard Dickson*, with him *Richard C. Dale* and *David F. Ma-
gee*, for appellee.—The deed worked a conversion: Fletcher v.
Ashburner, 1 White & Tudor's Leading Cases in Eq. 1118;
Allison v. Wilson, 13 S. & R. 330; Foster's App., 74 Pa. 391;
Jones v. Caldwell, 97 Pa. 42; Evans's App., 63 Pa. 183; Hun-
ter v. Anderson, 152 Pa. 386.

OPINION BY MR. JUSTICE DEAN, March 13, 1899:

The facts in this case are fully stated in the opinion of the learned judge of the court below on the reserved point, and we might well rest an affirmance of the judgment on that opinion, were it not that appellant's counsel has misunderstood a sentence or two of it, and perhaps others in the future might be led to do so, were we to pass the complaint unnoticed.

The doctrine of equitable conversion is old, and is thus stated in Fletcher v. Ashburner, 1 White & Tudor's Leading Cases in Equity, 1118: "Money directed to be employed in the purchase of land, and land directed to be sold and turned into money, are to be considered as that species of property into which they are directed to be converted; and this, in whatever manner the direction is given, whether by will, by way of contract, marriage articles, settlements or otherwise." And this rule has been followed in this state through a long line of cases, many of them cited in the opinion of the court below, beginning with Allison, Executor, v. Wilson's Executors, 13 S. & R. 330, decided in 1825, down to Hunter v. Anderson, 152 Pa. 386, decided in 1893. The palpable intent of the deed of trust, here, was to realize the money on the mortgages, that it might be divided among those entitled to it. It is recited in the deed itself that its purpose is "that prompt steps be taken to realize on said mortgages." By this trust, created by deed for this particular purpose, constructively, there resulted an equitable conversion of the land into personalty; and while the trust deed was operative, the interests of the beneficiaries in the land were not subject to the lien of a judgment; the purchaser of the interest of any one of them, as land, took no title which was enforceable by an ejectment. Hence, this plaintiff, the purchaser at sheriff's sale of James G. Magee's interest in the trust estate, as very clearly held by the court below, must lose his case. But the learned court below uses this language: "While the case is not exactly a partnership, yet it is akin to it, and some of the principles of partnership law may be applied to it." Appellant seizes hold of this sentence, and proceeds to demonstrate that the case has none of the features of a partnership, and therefore the judgment on the reserved point cannot stand. But the meaning of this language is misapprehended; the court had already shown that the expressed purpose of the trust deed had

worked a conversion of the land into personalty for distribution, and then, as illustrative of this contradictory designation of the property, calling land personalty when it was obviously, in fact, land, he cites the instance of partnership land, treated as personalty for partnership purposes, and when the partnership ends and the partnership debts are paid, its constructive character disappears, and it is again land held by the partners as tenants in common. It is nowhere intimated that these beneficiaries in adopting this method of distribution constituted themselves into a partnership; on the contrary, the judgment is based wholly on the nature of the trust created by the deed.

As to the error complained of in admitting in evidence writings in the line of title not specified in defendant's abstract, the court, when the papers were offered and objection made, gave leave to defendants to amend their abstract; surprise was not pleaded by plaintiff, but this objection, which was good, was apparently abandoned, and then immediately supplemented by others which were bad. The court was justified in assuming that the first was waived, and in proceeding with the trial. There is nothing of merit in the assignments of error that calls for further discussion. The judgment is affirmed.