## Hanbest's Estate.

*Executors and administrators—Appointment after twenty-one years—Act of March* 15, 1832, *P. L.* 135.

The act of March 15, 1832, which provides that " no letters of. administration shall in any case be originally granted upon the estate of any decedent after the expiration of twenty-one years from the day of his decease except by the order of the register's (orphans') court upon due cause shown," applies not only to cases in which no letters of administration have been previously granted, but also to cases in which previous letters have been issued. The word " originally" in the act is synonymous with the expression " in first instance."

*Partition—Sale of real estate—Executors and administrators—Act of February* 24, 1834, *sec.* 44, *P. L.* 70.

Where letters of administration have been granted in violation of the proceedings of the act of March 15, 1832, and such persons have been appointed under the act of February 24, 1834, qua administrators to sell real estate without reference to their suitability, the appellate court will vacate the order, and remit the record so that suitable persons within the meaning of the act of February 24, 1834, may be ascertained and appointed.

Argued Oct. 23, 1902. Appeals, Nos. 147 and 152, Oct. T., 1902, by Virginia A. Freno, from decree of O. C. Phila. Co., July T., 1878, No. 127, ordering sale of real estate in partition in estate of Thomas Passmore Hanbest, deceased. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Order vacated.

Petition for order of sale in partition.

In this proceeding, a petition was presented on behalf of Virginia A. Freno, praying that the order of sale in partition be directed to J. Parker Norris, Esq., as trustee ; to this petition an answer was filed by John De Haven Hanbest and Hannah A. Hanbest, claiming as the lawfully appointed administrators d. b. n. c. t. a. of the late Thomas Passmore Hanbest, the right to execute the order of sale.

A petition was also presented on behalf of John De Haven Hanbest and Hannah A. Hanbest, claiming as the lawfully appointed administrators d. b. n. c. t. a. of the late Thomas Passmore Hanbest, the right to execute the order of sale in partition,

and praying that the order of sale be directed to them. To this petition an answer was filed by J. Parker Norris, Esq., setting forth, inter alia, that John De Haven Hanbest and Hannah A. Hanbest had not been lawfully appointed the administrators d. b. n. c. t. a. of said estate, as their appointment was in conflict with the act of March 15, 1832, sec. 21 (Br. Purd. 575, pl. 22), and inasmuch as there was no administrator to execute the order of sale, and as he had been trustee of the estate for about twelve years, the court should award the order of sale in partition to him. The orphans' court of Philadelphia county dismissed the petition of Virginia A. Freno, and granted the prayer of the petition of John De Haven Hanbest and Hannah A. Hanbest, and decreed that the order of sale be directed to them. Decrees following the decision of the court were entered thereon.

*Errors assigned* were the decrees of the court.

*Horace M. Rumsey*, with him *I. Hazelton Mirkil*, for appellant.—It would appear, under the decisions, that in the first instance the order of sale should be directed to the administrator if properly appointed, provided there were no unusual circumstances to require the court to depart from that principle, but that the court, in its discretion, under unusual circumstances, which would justify its exercise, may award the order of sale to a person other than the administrator, and the Supreme Court will not interfere with the exercise of such discretion: Taylor's Appeal, 119 Pa. 297; Neeld's App., 70 Pa. 113; Pyle's App., 1 Pennypacker, 71; Arble's Est., 161 Pa. 373.

The letters in this case were improperly and unlawfully issued. The decedent died in 1873. The letters were granted October 24, 1901. They were issued in direct contravention of the act of March 15, 1832, sec. 21 (Br. Purd. 575, pl. 22); Linder's Estate, 15 W. N. C. 351; Shalter's Appeal, 43 Pa. 83; Foster v. Com., 35 Pa. 148; Keech's Appeal, 10 Pa. 261.

*A. A. Hirst*, with him *James Fitzpatrick*, for appellees, cited: Taylor's App., 119 Pa. 297; Arble's Estate, 161 Pa. 373.

OPINION BY WILLIAM W. PORTER, J., November 19, 1902:
This case primarily involves the interpretation of the lan-

guage of the act of March 15, 1832, which provides that " no letters of administration shall in any case be originally granted upon the estate of any decedent after the expiration of twenty-one years from the day of his decease except by the order of the register's (orphans') court upon due cause shown." The court below has held that the act applies only to cases in which no letters of administration have been previously granted, and have issued an order to sell real estate in partition, to administrators d. b. n. c. t. a., to whom letters were issued by the register more than twenty-one years after the death of the decedent in a case where former letters had been more than once issued.

The purpose of the legislation quoted is manifestly to take from the register and confer upon the orphans' court the power and duty to determine whether letters of administration shall be granted upon the estate of a decedent after twenty-one years. It is to be observed that the act does not say that no " original " letters of administration shall be granted by the register, but that no letters shall in any case be " originally granted." The construction given by the court below is only made possible by transplanting the adverb " originally " from its position in the sentence and by inserting it in adjective form before the words " letters of administration." The true significance of the adverb is in the synonymous expression " in first instance," thus imposing on the orphans' court the duty primarily to determine the propriety of the grant of letters. The intervention of the court to prevent unnecessary and intrusive issuance of letters of administration long after the decedent's death is quite as necessary in the case of a second or third issuance as in the case of an original grant.

From what has been said it will be seen that the letters of administration in this case could only have been properly granted pursuant to an order of the orphans' court upon due cause shown, and that the parties to whom the letters were issued by the register gained no status in the present proceeding by virtue of the grant. To this extent at least may we go in holding the register to be without jurisdiction, whatever effect such grant of letters might have in imposing liability upon those acquiring or acting under it. See Foster v. Commonwealth, 35 Pa. 148; Wall v. Wall, 123 Pa. 545.

The order of sale was issued to "John De Haven Hanbest and Hannah A. Hanbest, administrators de bonis non cum testamento annexo of Thomas Passmore Hanbest." The order is to the parties named qua administrators. By section 44 of the act of February 24, 1834, it is provided that "whenever any real estate shall be ordered to be sold under proceedings in partition the orphans' courts are hereby authorized and required . . . . in case there be no executor or administrator, to appoint some suitable person trustee for the purpose of making the sale," etc. The order in the present case is neither based upon suitability ascertained nor to parties nominated as trustees. It may be that the parties claiming as administrators will be found by the orphans' court upon investigation to be in their proper persons suitable to act under appointment as trustees to make the sale. On this subject we express no opinion. It involves the exercise of a discretion which is lodged by the terms of the act in the orphans' court. The order to the administrators to make the sale is vacated and the record is remitted to the end that the proceeding may go forward in accordance with the views herein expressed.