## Penrose's Estate.

Argued January 10, 1935. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Charlotte F. Jones,* with her *J. Ralston Jones,* appellants, appeared in propria persona.

*Bevan A. Pennypacker,* of *Morgan, Lewis & Bockius,* for Germantown Trust Company, administrator pendente lite of estate of Mary P. H. Gilford, deceased, appellee.

*Thomas Stokes,* with him *James A. Montgomery, Jr.,* for Fidelity-Philadelphia Trust Company, trustee.

PER CURIAM, February 4, 1935:

Anna M. Penrose died January 29, 1896, leaving a will in which she divided her estate into four equal parts. Three of these parts she put in a trust, one-third for the benefit of children of a deceased son, and the other two-thirds, separately, under spendthrift provisions, for the

benefit of her daughters Anna P. Hooton and Eliza P. Cochran. As to each of these latter trusts the will provided that her trustee was "to pay one-third of the net income thereof to [the daughters above named, respectively, the provision for each being the same] for and during the term of her natural life in quarterly payment and without liability to anticipation or attachment the same to be free from her control, debts or engagements or those of her husband, and after her decease then in trust to convey, transfer and assign the portion of the trust estate of which she is given the income as aforesaid, viz., one-third thereof, to and among the children of my said daughter . . . in such proportions and for such estates and subject to such trusts or conditions as she may by her last will or any instrument in the nature thereof, limit and appoint, or on failure of such appointment then to and among the children and issue of deceased children of my said daughter in equal shares, the issues of deceased children taking their parent's share by representation. Or in the event of my said daughter leaving no children or issue of deceased children her surviving then in trust to convey, transfer and assign the same to such persons and for such estates as my said daughter by her last will or any instrument in the nature [there-]of may limit and appoint, or failing such appointment then in trust to convey, transfer and assign the same to the persons who shall then be the heirs or next of kin of my said daughter according to the intestate laws of the State of Pennsylvania."

Anna P. Hooten received the benefit of the trust as provided during her life. She died December 19, 1915, leaving two daughters, Anna M. Jones and Mary P. H. Gilford, and in her will devised the estate left to her by her mother as follows: "Second. Pursuant to and under the power and authority conferred upon and vested in me by the last will and testament of my mother, Anna M. Penrose . . . I do direct, limit, appoint and apportion all the estate and property coming to my children or in their

right, out of the estate and succession of the said Anna M. Penrose as follows: I apportion the sum of Five Dollars ($5.00) a part thereof to my daughter Anna M. Jones, to whom the same shall be paid absolutely. I apportion the sum of One Thousand Dollars ($1000) a part thereof to my daughter Mary Penrose Hooton Robinson absolutely; I apportion all the rest, residue and remainder of said estate to my said daughter Mary Penrose Hooton Robinson to be paid to the Philadelphia Trust, Safe Deposit and Insurance Company to be held in trust by said company to and for the following uses, intents and purposes, that is to say, in trust to take, invest and hold the same, and to collect, take and receive the income thereof, and after the payment of all proper expenses and charges to pay the net income thereof to my said daughter Mary Penrose Hooton Robinson for and during the term of her natural life in quarterly payments, and without liability to anticipation or attachment and free from her control, debts or engagements." A separate clause of her will further provided: "Third. All the rest, residue, and remainder of my estate of whatsoever kind, I give and bequeath the same to my daughter Mary Penrose Hooton Robinson absolutely."

Anna M. Jones refused to accept the devise from her mother of $5 out of the Penrose trust. She died February 1, 1923, leaving three children, Charlotte F. Jones and John Ralston Jones, appellants here, and Elliot Penrose Jones, who is insane. Mary P. H. Robinson, afterwards Gilford, to whom Mrs. Hooton left the bulk of the fund received by her from the Penrose trust, died on September 7, 1933, childless, leaving her estate to a friend.

Appellants claim for themselves and their brother the entire balance of the estate, after payment of the unlimited bequests, inherited by Anna P. Hooton from her mother Anna M. Penrose, asserting a failure of the exercise of the power of appointment by Mrs. Hooton, and that appellants are entitled as the sole surviving members of the class among whom distribution was to be

made under the will of Anna M. Penrose. They argue that clause second above quoted from the will of Anna P. Hooton sets up only a life estate and there is no gift over of the remainder.

We agree with the conclusion of the court below that it is evident, considering Mrs. Hooton's will as a whole (Patton's Est., 268 Pa. 367; Murray's Est., 313 Pa. 359, 362), "it was her intention to give her daughter, Mrs. Gilford, everything she had or could appoint except the nominal bequest to Anna M. Jones"; that she was empowered to do this by the Penrose will, which permitted an appointment "for such estate and subject to such trusts and conditions as she may by her last will . . . limit or appoint"; and that she properly exercised this power, conveying to Mrs. Gilford an absolute gift of the balance of the fund at donee's disposal from the Penrose trust, on which the spendthrift trust for Mrs. Gilford's life was superimposed without cutting down the estate in fee previously granted.

Having thus concluded, the questions raised by appellants on this appeal are generally irrelevant. We will refer only to that concerning the refusal of the court below to hear testimony that Anna P. Hooton had told the scrivener who drew her will that she wanted her estate to go to her grandchildren. The court's action overruling the offer to this effect was, of course, proper, such testimony not being admissible to alter or add to the terms of a will: Willard's App., 68 Pa. 327, 329; Sauer v. Mollinger, 138 Pa. 338, 343.

The decree is affirmed at appellants' costs.