## Penrose's Estate

Before Lamorelle, P. J., and Henderson, Van Dusen, Stearne, Sinkler and Klein, JJ.

*Charlotte F. Jones*, p. p., for petitioner.

*Thomas Stokes*, for respondent.

VAN DUSEN, J., November 8, 1935.—Petitioner filed with the clerk of the court a petition for authority to the register of wills to grant letters of administration d. b. n. c. t. a. on the estate of Anna M. Penrose, who has been dead for more than 21 years.

Section 2(*b*) of the Fiduciaries Act of June 7, 1917, P. L. 447, which applies to letters d. b. n. c. t. a.: Hanbest's Estate, 21 Pa. Superior Ct. 427; requires that let-

ters of administration shall not be granted upon the estate of a decedent who has been dead for more than 21 years "except on the order of the orphans' court upon due-cause shown." The intent of this statute is that any disputable matter should be disposed of by the orphans' court in the first instance rather than by the register. When it appears quite clear from the petition that the petitioner is a party in interest, that there is a vacancy in the office, and that there are unadministered assets, it has been our practice to grant such leave ex parte without notice to the parties in interest. If any dispute should later appear, the parties will not be concluded by our decree made without notice, and may raise the point before the register. Experience has shown that in the great majority of such cases a citation to parties in interest will be useless paper work. But when there appears to be a doubt on the face of the petition, the parties interested should be notified by citation, and be heard in the usual way, before the leave is granted.

In the present case the petition avers that the Philadelphia Trust Company was executor of the will, and filed its final account many years ago; that the trust company administered upon said estate as trustee until July 8, 1926, on which date it was dissolved as such trust company and ceased to exist as a legal entity; and that no substituted trustee was appointed by the court. The petition also sets forth that the assets of the estate are unlawfully in the possession of the Fidelity-Philadelphia Trust Company; that certain assets "have not been administered upon" enumerating moneys, stocks, bonds and mortgages, and certain real estate; that there is now no executor, administrator, or person entitled to administer upon said real and personal property; that an attempt is about to be made to make an unlawful distribution of said assets to a party not entitled thereto, and that it is necessary to have an administrator d. b. n. c. t. a. appointed to recover possession of the assets in the possession of the Fidelity-Philadelphia Trust Company.

The petition also states in a general way that the parties in interest are the petitioner and her brothers, but does not set forth the will of the decedent or a genealogy, and does not explain so that it can be understood how the petitioner comes to be a party in interest or exclude the possibility of other parties in interest. On such a petition we would not act without notice by citation to the trust company which is in possession of the assets and to the parties in interest.

The petition does not disclose who the other parties in interest are and does not ask for a citation. On filing it, the petitioner gave notice to the Fidelity-Philadelphia Trust Company, which has filed an answer. The petitioner then filed a replication and placed the matter upon the argument list and argued it.

No order can be entered upon this petition because the persons interested in the estate are not made parties to the proceeding by citation. Even if we treated this as an application for an order for a citation, no order can be made because the parties to whom the citation shall issue are not named. The prayer of the petition is therefore refused, without prejudice.

The petitioner also presented at the bar of the court a motion for the appointment of a master. For the same reason this petition is refused.

We ought to say also that if this matter be treated as an argument upon the petition and the answer filed by the Fidelity-Philadelphia Trust Company, the petition must even then be refused. The petition alleges that the Philadelphia Trust, Safe Deposit & Insurance Company was the executor of the will of Anna M. Penrose, and that this company was dissolved on July 8, 1926, and ceased to exist as a legal entity; and, further, that the Fidelity-Philadelphia Trust Company is now in possession of the assets of the estate. The answer of the Fidelity-Philadelphia Trust Company alleges that the Philadelphia Trust, Safe Deposit & Insurance Company changed its name to Philadelphia Trust Company; denies that the company was dissolved; and avers that on July 8, 1926, the Philadelphia

Trust Company and the Fidelity Trust Company, by appropriate proceedings, merged and became a consolidated corporation by the name of Fidelity-Philadelphia Trust Company. The averments of the answer must be taken as true; and upon the statement of facts so made it follows, as a matter of law, that the new corporation, Fidelity-Philadelphia Trust Company, succeeded, without any further proceedings, to the powers and duties of the Philadelphia Trust Company. No new appointment of an administrator d. b. n. c. t. a. is required or can be made. We note also that the answer denies the statement of the petition that the petitioner is a party interested in the estate, and avers that this question has been decided against her by this court: Penrose's Estate, 21 D. & C. 514; and that this decision has been affirmed by the Supreme Court: Penrose's Estate, 317 Pa. 444.

The petitioner also presented at the bar of the court a petition asking for the vacation of the awards contained in an adjudication filed October 5, 1934, of the account of the Fidelity-Philadelphia Trust Company as trustee under the will of Anna M. Penrose. If we treat this paper as a petition for a citation to the persons interested, we are compelled to refuse such a citation because the necessary parties are not indicated in the petition, and for the further reason that the petition sets forth no sufficient reason for vacating the award.

Decrees will be entered accordingly.