Jones et al., Appellants, *v.* Fidelity-Philadelphia
Trust Company et al.

Argued October 10, 1938.

Before KELLER, P. J., CUN-
NINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES,
JJ.

*H. Eugene Gardner,* for appellant.

*Charlotte F. Jones,* in propria persona, appellant.

*Frank A. Bedford, Jr.,* with him *Thomas Stokes,* of
*Pepper, Bodine, Stokes & Schoch,* for appellee.

PER CURIAM, January 31, 1939:

This was an action of ejectment brought by the plaintiffs, Charlotte F. Jones and Elliot P. Jones, a lunatic, by his sister and next friend, the said Charlotte F. Jones, against Fidelity-Philadelphia Trust Company, Trustee, as registered owner of premises No. 256 North Broad Street, Philadelphia, and Green's Cafeteria, the tenant in possession, to recover a one-fortieth interest in said real estate. The plaintiffs claimed title to the above-stated interest in said real estate through the will of their great-grandmother, Anna M. Penrose.

We shall not refer in detail to the abstract of title under which plaintiffs claim a right to the possession of this real estate. The relevant facts relating to the will of Mrs. Penrose, the trust created therein for her daughter, Anna P. Hooton—(the grandmother of these appellants)—with power given to the latter, by her will to limit and appoint the distribution and conveyance of said trust estate at her death to and among her children, are set forth at some length in the opinion of the Supreme Court in *Penrose's Est.*, 317 Pa. 444, 176 A. 738. It was there decided that the will of Anna P. Hooton appointing and apportioning to and among her children the trust estate and property coming from their grandmother, Mrs. Penrose, was effective to convey to her daughter, Anna M. Jones, the mother of appellants, the sum of $5—(which she refused to accept)—and to Mary Penrose Hooton Robinson Gilford, her other daughter, the sum of $1,000 and all the rest, residue and remainder thereof; and that, in consequence, these appellants, on the death of their mother, took no interest in the trust fund created under the will of Anna M. Penrose.

At the conclusion of the plaintiffs' case—the defendants offered no testimony—, the court affirmed defendants' point for binding instructions and directed a verdict for the defendants. In its opinion refusing a new trial the court said: "The issues involved in this case were fully discussed and determined in the opinion

of the Supreme Court in *Penrose's Estate,* 317 Pa. 444. The issue is identical, and in the opinion of this Court the matter is res adjudicata." Plaintiffs appealed.

Whether the principle of res judicata is strictly applicable in this case or not, we have no hesitation in holding that the decision of the Supreme Court in Penrose's Estate, supra, which was cited and considered by the court below, governs the case and rules it in favor of the appellees. The Supreme Court, in that case, was dealing with the trust estate created under the will of Anna M. Penrose, deceased, with special reference to the share bequeathed to Anna M. Hooton for life, with power of appointment by will to and among her children; which is exactly what is involved here, when the facts are fully understood, and hence requires a determination in conformity with the decision of the Supreme Court.

Appellants claim that this is an action of ejectment, relating to real estate, while that was a decree relating to personalty, but they overlook an insuperable objection, which requires a ruling against them.

Anna M. Penrose did not die seized of the real estate in question. She never owned a foot of it. It came into the ownership and possession of the Fidelity-Philadelphia Trust Company, Trustee, defendant, as the result of a purchase by it as trustee, following the foreclosure of a mortgage in which it, or the trustee under Anna M. Penrose's will, (of which it is the successor by merger), had invested some of the trust funds of that estate. As respects this trust estate and those entitled to share in it, it is personalty, not real estate: *Sweeney v. Horn,* 190 Pa. 237, 239, 240, 42 A. 709. The trustee can sell and dispose of it without an order of court, just as it could have sold and assigned the mortgage, the foreclosure of which brought about its purchase. Even if these appellants were parties in interest in this trust estate, they would have no more right to the possession of an undivided share or portion of this land

than they would have to the possession of an aliquot share or portion of any personal security held by the trustee as part of the trust fund investments; and ejectment, at their suit, will not lie as to any portion of it: *Sweeney v. Horn*, supra.

The objections of the appellants to the validity of the final decree in Penrose's Estate, supra, will not receive lengthy consideration in this court. They are in the wrong forum to ask for its reversal. But we may briefly refer to the principal matters advanced by them.

(1) The appointment made by Mrs. Hooton, under the authority of her mother' will, related back to Mrs. Penrose's will, and the remainder passed as part of Mrs. Penrose's estate, rather than Mrs. Hooton's estate: *Pepper's App.*, 120 Pa. 235, 253, 13 A. 929; *Huddy's Est.*, 236 Pa. 276, 281, 282, 84 A. 909; *Rogers' Est.*, 31 Pa. Superior Ct. 620, 624; *Hagen's Est.*, 85 Pa. Superior Ct. 123, 125, affirmed in 285 Pa. 326, 132 A. 175.

(2) Where the donee of a *special* power of appointment by will, such as this, in her will refers to the power and makes a disposition of the property of which she is given power of appointment, the will is construed to be a full exercise of the power and to have completely disposed of the whole of that property, unless a contrary intention clearly appears in the will: *Hupp v. Union Coal & Coke Co.*, 284 Pa. 529, 534, 131 A. 364; *Carter's Est.*, 254 Pa. 565, 567, 99 A. 79.

(3) It does not lie in the mouths of these appellants to object that a joint appeal was taken by the appellants, (of whom Charlotte F. Jones was one), from the decree of the Orphans' Court, which was passed upon by the Supreme Court in Penrose's Est., supra, instead of two separate appeals. The judgment of the Supreme Court was a final and definitive decree, adjudging the merits of the controversy. It was not obliged to quash the appeal.

A joint appeal was likewise taken by appellants in

this case. We might quash it, but shall dispose of it on the merits.

(4) Appellants are not in a position to question the right of the Fidelity-Philadelphia Trust Company to act as trustee of the fund in succession to Philadelphia Trust, Safe Deposit and Insurance Company, the trustee named in Mrs. Penrose's will, and also in Mrs. Hooton's will.

The assignments of error are overruled and the judgment is affirmed.