## Kelley's Estate (No. 1).

*Wills—Legacies—Trusts—Construction—Intention.*

1. Where under the terms of a trust, payments to the beneficiary are left to the discretion of the trustee, the ownership of the fund is not in the beneficiary.

2. Where a testator made a certain disposition of property in favor of a nephew and by codicil provided "the legacy to......
(the nephew) I leave in trust to" (the trustee, naming her), "to dispose of as she thinks best," and the trustee made no payment to the nephew during his lifetime, the gift thereafter failed and fell into the residue.

Argued March 8, 1916. Appeal, No. 16, Jan. T., 1916, by Edith S. Kelley, Executrix of the last will and testament of John G. Kelley, deceased, legatee under said will and widow of said decedent, from decree of O. C. Monroe Co., decreeing the termination of a trust, in Estate of John G. Kelley, Deceased. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Reversed.

Petition for the termination of a trust. Before STAPLES, P. J.

The opinion of the Supreme Court states the facts.

The court awarded the relief prayed for. Edith S. Kelley, Executrix of the last will and testament of John G. Kelley, deceased, legatee under said will and widow of said decedent, appealed.

*Error assigned,* among others, was the decree of the court.

*A. Mitchell Palmer,* with him *C. Raymond Bensinger,* for appellants.—The will does not contain all the essential features of a valid trust: Eshbach's Est., 197 Pa. 153; Oliver's Est., 20 W. N. C. 318; Jackson v. Jackson, 2 Pa. 212; Mathers' Est., 17 Pa. D. R. 457; Ranney v.

Byers, 219 Pa. 332; Smith's Est., 144 Pa. 428; Carson v. Potter, 18 Pa. 457; Helfenstein's Est., 77 Pa. 328; Steeley v. Steeley, 24 Pa. C. C.₀610; Coates' App., 2 Pa. 129; Beck's App., 116 Pa. 547; Hospes, et al., v. Northwestern Mfg. & Car. Co., 48 Minn. 174, 15 L. R. A. (O. S.), 470, 50 N. W. Repr. 1117; Green v. McCord, 30 Ind. App. 470 (66 N. E. Repr. 494); Hedges v. Keller, 104 Ind. 479 (3 N. E. Repr. 832); Repp v. Lesher, 27 Ind. App. 360 (61 N. E. Repr. 609); 8 Words & Phrases, 7122.

The fact that a testator used the words "in trust" does not necessarily show an intention to declare a trust: Freedley's App., Wood's App., 60 Pa. 344; Reiff & Umstead's App., 60 Pa. 361; Clevenstine's App., 15 Pa. 495; Biddle's App., 80 Pa. 258.

*Wilton A. Erdman,* for appellee.—The will of John G. Kelley contained all the essentials of a valid trust: Strickler's Est., 250 Pa. 105; Dulles's Est., 218 Pa. 162.

OPINION BY MR. JUSTICE STEWART, May 1, 1916:

John G. Kelley, a resident of Monroe County, died 29th May, 1911, testate, leaving to survive him a widow, Edith S. Kelley, whom he appointed executrix of his will, and one daughter, wife of F. W. Hornbrook. The executrix having filed an account of her trust, the same was referred to an auditor to pass upon exceptions filed and make distribution of the balance to and among those legally entitled. The auditor awarded "To Edith S. Kelley, in trust for E. W. Kelley, legacy of $10,000, with interest on same from 29th May, 1912, to September 11, 1913, $770, total $10,770." This distribution was confirmed by the court, notwithstanding it had been found as a fact that E. W. Kelley was then dead, leaving to survive him a widow and eleven children. From this decree of distribution the widow appealed to this court, her contention being that the clause in the will of John G. Kelley on which the auditor relied did not create a positive trust which the law would enforce, and even

though otherwise, it was revoked in a codicil to the will. In affirming the action of the court in sustaining the award, 250 Pa. 172, we said (p. 175), "While we are of opinion that it would have been competent in this proceeding for the auditor to pass upon the several questions that would necessarily arise in connection with the inquiry suggested, the fact that he made no attempt to do so, but awarded the fund to the trustee appointed by the will, does not constitute error, since the award as made neither concludes nor prejudices any one having standing to assert a claim upon the fund. The questions which he left undetermined concern the nature and character of the trust, questions that can be quite conveniently and no less expeditiously determined in a separate proceeding involving nothing else, in which all parties in interest can have opportunity to be heard and by which they would be concluded." Acting upon the suggestion here expressed, Frank M. Coolbaugh, administrator of the estate of E. W. Kelley in Pennsylvania, whose domicil at the time of his death was in the State of New York, presented his petition to the Orphans' Court of Monroe County setting forth the above facts together with a copy of the will of John G. Kelley, and asking that the trust contained in the will of John G. Kelley be declared ended, and that the said Edith S. Kelley be directed to pay said money so held by her in trust to the petitioner as administrator of the estate of E. W. Kelley, deceased. To this petition respondent answered denying liability, for the same reasons she urged before the auditor. After hearing the court entered a decree in conformity with the prayer of the petition. This present appeal is from the decree so entered, and we are now confronted with the same questions which were sought to be raised in the former appeal, and which we there avoided for the reasons stated in the opinion. These questions can be understood only as the several provisions in the will of the testator relating to the matter in controversy are here recited. The will consists of

ten testamentary writings, all probated as one will.   In the original will dated 31st January, 1905, this provision occurs.   "I give and bequeath to my nephew, E. W. Kelley, the sum of Ten Thousand Dollars absolutely."   The codicil of the 16th April, 1909, reads as follows: "All that part of my will in which I leave my nephew, Edward Kelley, now of Amsterdam, N. Y., certain money, I now revoke and leave the same amount to my wife Edith S. Kelley, in trust for E. W. Kelley to be disposed as she may think best, either in buying a small farm or whatever in her judgment is for his best interest."   In the next succeeding codicil dated 21st June, 1909, we find this direction, "I give my wife Edith S. Kelley, one-third of my personal property to dispose of by will as she chooses.   The legacy to E. W. Kelley I leave in trust to Edith S. Kelley to dispose (of) as she thinks best."   The absolute gift to E. W. Kelley in the original will, was unmistakably and unequivocally revoked by the codicil of 16th April, 1909.   That bequest calls therefore for no consideration here.   What concerns us to inquire about is the substituted gift to E. W. Kelley contained in the codicil revoking the earlier gift, and the testator's directions with the respect to the substituted gift as expressed in the next succeeding codicil.   If this substituted gift can be construed as an absolute gift to E. W. Kelley, the court below was correct in ordering it paid as part of his estate to his legal representative, now that E. W. Kelley is dead; otherwise it was error to so order and appellant's contention must be sustained.   The question is a very narrow one and admits of little discussion.   A circumstance to which much meaning must attach— much more than it seems to have been allowed—is the fact that the gift is in trust, whereas the revoked legacy of like sum was given directly to same E. W. Kelley. Under the revoked legacy E. W. Kelley would have been invested with the full possession and with complete and absolute ownership of the fund.   Under the later gift the legal title and estate is given to a trustee, and by the

terms of the trust the fund is placed beyond the power and control of E. W. Kelley, who derives under the will but an equitable interest therein.   What is the extent of this equitable interest?   The trust we are dealing with is an express, testamentary trust, one created in writing, and therefore nothing can be added to what is written whether as regards subject, object, scheme or purpose. Herein this trust is markedly peculiar.   It expresses nothing as to the purpose for which it is created, nothing as to any general scheme in testator's mind as to the mode and manner in which any given end is to be accomplished, nothing as to the disposition of the funds when the trust might terminate.   All that can be derived from the will as to what was in the testator's mind with respect to any of these things is,—and this is unmistakable—that whereas before he had given E. W. Kelley an absolute bequest of $10,000, which gave him full possession and ownership of the funds, now, for some reason undisclosed, he changes all that and substitutes a bequest which denies him possession, ownership and control, and gives the bequest directly to a trustee, for him, it is true, but under terms and conditions which make the extent of his enjoyment of it depend upon the pleasure of the trustee and of her alone, for, be it observed, in the codicil succeeding, in order to make the divorcement of the beneficiary from ownership and control of the fund still more certain, not resting simply upon the effect of giving it in trust, the power is given to the trustee "to dispose of as she thinks best," without other qualifications.   The fact that the bequest is to a trustee, while inconsistent with the idea of an absolute gift to the beneficiary named, may or may not be conclusive of the question, depending on what may be derived as to it from the whole spirit and intention of the will.   In Van Rensselaer v. Dunkins' Exrs., 24 Pa. 252, a case much relied on by the appellee, the gift was to the executors in trust to pay the rents and profits to certain persons, and it was held a gift absolute, but, for the rea-

son that it was the entire estate that was so given, and since the testator therefore did not die intestate with respect to any part of it, the conclusion was that the executors held it in trust for the beneficiaries who were invested with equitable title to it.  In the present case there was no gift of income, and the gift constituted a minor part of the testator's estate.  The distinction marks the difference between these two cases, and like distinction is to be observed in all the other cases cited.  In Millard's App., 87 Pa. 457, the gift was in trust "to place the same out at interest on good real security, or in bonds of the United States or State of Pennsylvania, or in bank stock or other good security, and pay over the interest or dividends therefrom and thereof from time to time when and as the same shall be received unto my nephew Joseph M. Millard."  This court derived from a consideration of the different provisions of the will that it was the intention of the testator to vest in the nephew the entire beneficial interest. "We are of opinion," says Mr. Justice PAXSON, "that the legacy vested.  It was evidently so intended by the testator.  There is no bequest over, and there is no restriction to the life of the first taker.  There was an absolute direction to pay the interest to Joseph, with authority to pay over the principal, in the discretion of the trustee. A gift of the income of a fund without limitation as to time is a gift in perpetuity and carries the fund itself," citing Robert's App., Geiger's Est., 59 Pa. 71, and other cases to like effect.  Further on, as showing the reliance put on the fact that there was a gift of income, the opinion proceeds, "it was urged on behalf of the appellee that Joseph Millard took nothing; that inasmuch as the trustee could withhold at pleasure he had nothing which was the subject of gift, sale or attachment, and Keyser v. Mitchell, et al., 67 Pa. 473, and Huber's App., Gaul's App., 80 Pa. 348, were cited in support of this view.  It is sufficient answer to say that in the case in hand there was an absolute gift of the income, which was not the

case either in Huber's Appeal or Keyser v. Mitchell, et al." In Keyser v. Mitchell, the question was whether the income of the trust created for the benefit of a son by the will of his mother was attachable in the hands of the trustee for the debt of the son. By the terms of the trust, the trustee could either pay said income into the hands of the son, or disburse the same in such way as to the trustee might seem best for the comfortable maintenance of the son, such payments however, "to be at all times at the sole and absolute discretion of the trustee." The trust further provided for a contingent disposition of the corpus of the property, also at the discretion of the trustee. The opinion filed by THOMPSON, C. J., in that case is so conclusive in this as to make any further discussion of the question involved unnecessary. He there says, distinguishing the case from the Girard Life Insurance & Trust Co. v. Chambers, 46 Pa. 485, "But here nothing is given to the cestui que trust, excepting at the discretion of the trustee. It was no doubt intended by the testator that a comfortable maintenance should be provided from the trust estate for her son; but that was to be both in amount and mode 'at the sole and absolute discretion of the trustee.' This is an expressed condition of the trust, and until that discretion has been exercised the cestui que trust has nothing: Hill on Trustees 494-495. In such case a chancellor will not interfere to control the trustees discretion: Id. 495." These cases establish beyond question that where, under the terms of the trust, payment to the beneficiary is left to the discretion of the trustees the ownership of the fund is not in the beneficiary. It results from this one fact that the legal representative of E. W. Kelley is not entitled to either corpus or interest of this legacy, but, on the contrary, that the legacy falls into the undistributed remainder of the estate of John G. Kelley deceased. The order complained of is therefore reversed and the petition is dismissed.