# Neeb's Estate.

*Wills—Trust and trustees—Accumulation of income—Act of April 18, 1853—Trust fund for education of legatees—Vested interest—Contingent interest.*

1. One of two legatees upon reaching the age of twenty-one is not entitled to demand a distribution of the income of a trust fund

upon the theory that the bequest creating it provides for an accumulation of income in violation of the Act of April 18, 1853, P. L. 503, where the will directed the trustees to invest a certain portion of the residue of the estate and to pay from time to time such portions of said income and profits as they in their judgment may deem necessary and advisable to pay for the purpose of aiding the two children of the testator's deceased sister "in getting as good an education as said children may desire to get, each until it receives its share under this my will," and providing further that no portion of the income shall ever be paid to the father of said children, and that whatever portions of the income and profits are not paid for aiding in educating the children shall be added to the principal and that at the death of the father of said children and when the children have reached the age of twenty-five years, the trust fund shall be equally divided between them, and providing that in case of the death of either of the children before being entitled to its share, the share of such deceased child should be paid to its surviving children and not leaving children, then over to nieces and nephews of testator.

2. Such a bequest is not an unlawful accumulation during the minority of any one of the children because under the will any portion or all of the income may be paid for the education of either one of the children if necessary. Although there may be an unlawful accumulation of income after both of the children have arrived at the age of twenty-one years, until that time the accumulations may be paid to the person entitled thereto as if such accumulation had not been directed.

3. Under such a bequest an absolute estate does not vest in the children until the death of their father and until they have reached the age of twenty-five years.

Argued Oct. 18, 1918. ,Appeal, No. 113, Oct. T., 1918, by Catherine Boyd, from decree of O. C. Allegheny Co., Dec. T., 1917, No. 181, directing distribution of the funds in the estate of Charles W. Neeb, deceased. Before BROWN, C. J., FRAZER, WALLING, SIMPSON and FOX, JJ. Affirmed.

Exceptions to the decree of the auditing judge directing distribution of funds in hands of trustees. Before OVER, P. J., TRIMBLE and MILLER, JJ.

The accountants, trustees for Catherine Boyd and William Neeb Boyd, under the will of Charles W. Neeb, deceased, filed their account showing a balance in their hands of $121,991.14 of principal and $14,361.48 of income.

At the audit Catherine Boyd proved that she had attained the age of 21 years, and claimed as presently distributable to her the one-half of all accumulated income for the reason that any further accumulation was transgressive of the Act of April 18, 1853, P. L. 503.

The facts appear in the opinion of the auditing judge, which was as follows:

TRIMBLE, J.:

The questions involved are: Whether there is an unlawful accumulation of income and if so to whom does it belong; and whether there is a vested or contingent remainder?

The decedent executed his last will and testament on the 14th day of June, 1905, and died on the 4th day of July, 1914. Of the nine paragraphs of his will, two only give us facts which are necessary to decide the questions involved. These are: "Sixth: All the rest, residue and remainder of my estate of whatsoever kind and wherever situated shall be divided into five (5) equal parts...... Seventh: I give, devise and bequeath to my executors hereinafter named the remaining one (1) of the said five (5) equal parts, in trust, to invest the same and collect the income and profits arising therefrom and to pay, from time to time, such portions of said income and profits as they in their judgment may deem necessary and advisable to pay for the purpose of aiding the children of my deceased sister, Olga V. C. Neeb Boyd, in getting as good an education as said children may desire to get, each until it receives its share under this my will, but no portion of said incomes and profits shall ever be paid, directly or indirectly to John L. Boyd, Jr., the father of said children; and whatever portion of said incomes and profits is not so paid for the purpose of aid-

ing said children in getting an education shall be added to the principal of said trust fund. After the death of the said John L. Boyd, Jr., the father of said children, said trust fund shall be equally divided between said children of my said deceased sister, Olga V. C. Neeb Boyd, share and share alike, and each one of them shall receive and be paid its share after being twenty-five (25) years of age, and I hereby so give, devise and bequeath said trust fund to the said children. In case any of said children should die before being entitled to its share under this my will, leaving children surviving, then such children shall receive the share the parent would have received later if living, and the same is hereby given, devised and bequeathed to them. In case any of said children of my said deceased sister, Olga V. C. Neeb Boyd, should die before being entitled to its share under this my will, without leaving children surviving, then the share of such child so dying is hereby given, devised and bequeathed to the surviving of said children of my said deceased sister, Olga V. C. Neeb Boyd, and to the children of such as may be dead, such children to take and receive the share the parent would have received if living. In case all of the said children of my said deceased sister, Olga V. C. Neeb Boyd, should die before being entitled to their respective shares under this my Will, without leaving children surviving, then said trust fund is hereby given, devised and bequeathed to the surviving of my nephews and nieces, and to the children of such of my nephews and nieces as may be dead, such children to take and receive the share the parent would have received if living."

The decedent's sister, Olga, left surviving her her husband, John L. Boyd, Jr., and two children, Catherine Boyd, who was born on July 15, 1896, and has now reached her majority, and William Neeb Boyd, who was born on March 7, 1901, both of whom are still living. The trustees under this will show a corpus amounting

to $107,437.16 and accumulated income amounting to $14,361.48.

Four things are strikingly apparent in the bequest of this trust estate:

First, a discretion is placed in his trustees to pay from time to time such portions of said incomes and profits as they in their judgment may deem necessary or advisable to pay for the purpose of aiding the children of the testator's deceased sister "in getting as good an education as said children may desire to get, each until it receives its share under this my will"; second, no portion of the income or profits shall ever be paid directly or indirectly to John L. Boyd, Jr., the father of said children; third, whatever portions of the income and profits are not paid for aiding in educating the children shall be added to the principal; and, fourth, at the death of John L. Boyd, and after they have reached the age of twenty-five years, the trust fund shall be equally divided between the children.

It is clear that an absolute estate does not vest in these children until these two last conditions are complied with, and if there is a failure to meet these conditions by reason of the death of one or both of them leaving children, or not leaving children, the estate vests in others, either the children of the testator's niece and nephew, children of his sister, Olga, or in default thereof in his other nieces and nephews and to their children in the event that any of them are deceased.

There is no doubt that there may be an unlawful accumulation of income after both of these children have arrived at the age of twenty-one years, but not before that time, because all of the income may be paid for the education of either one of said children if necessary. "Whether he intended accumulation or not does not affect the case. Accumulation is forbidden under the Act of 1853, P. L. 503, Section 9, no less where it results by indirection than where it is expressly ordered:

Neel's Est., 252 Pa. 394. Under the said act the accumulation shall go to and be received by such person or persons as would have been entitled thereto if such accumulation had not been directed": Schillo's Est., 64 Pa. Superior Ct. 85. It will be unlawful only as to that part of the income which accrues after the majority of the cestuis que trust; during its minority it is valid. This trust with respect to the payment of the income is not terminated at the present time. It is true that one of the cestuis que trust is now of full age and the other is a minor; but when we refer to the will we find that the income is payable by the trustees in their discretion for "as good an education as said children may desire to get, each until it receive its share under this my will," so that it is apparent that the trustees may continue to pay so much of the income as may be necessary for this education until their estates are relieved from the testamentary conditions imposed. There was no attempt made by the testator to limit the education of the children; everything is left to the discretion of the trustees. The testator did not say that the education of his niece should end with her graduation at Wellesley College. The discretion in them is legal and not arbitrary. If these children desire to be educated in any manner whatever until such time as they are entitled to the corpus of this estate, they are entitled to receive from the income the cost of said education. Any person of experience knows that a college course is but a step in education, and it would be a very narrow construction of this will to hold that the payment of the income be confined to scholastic work. It is not necessary to decide at this time to whom the unlawful accumulated income may belong, for there may be none when the boy who is now a minor attains the age of twenty-one years, the time for distribution. The testator's anxiety was that this income should not go to the father of the children directly or indirectly, and his intent will be carried out by an order which will provide for distribution of

the unexpended income shown by the account to the trustees, to hold and use for the purposes of the trust and judicious management of the trust estate, until the youngest of the two children arrives at the age of twenty-one years and it will be so ordered.

Exceptions were filed to the decree awarding the fund to the trustees and refusing to award one-half thereof to the exceptant.

In dismissing the exceptions TRIMBLE, J., filed the following opinion:

The facts are stated in the opinion filed. From an examination of the will it appears that under no circumstances could either of the children receive his or her share of the estate until twenty-five years of age. But the children are entitled to get as good an education as they desire "each until it receives its share under this my will." Does this provision make the income divisible so that one who is now twenty-one years old may demand one-half of it and leaving the other one-half in trust for the minor? It is clear that the will does not express this intention, and if it is to be so interpreted it must be by way of inference. But it is probable that the testamentary intent is found in considering that the extent of the education is left wholly with the child, and if it should so happen that the proper demands of the minor for this should exceed the one-half of the income at any time, before the time for distribution arrives, or until he may be lawfully entitled to elect to have distribution of the income, how can the testamentary discretion vested in him be effected by a denial, which may be the result if one-half of the income is now distributed to his sister, who is of age. A distribution of this kind at the present time may destroy the discretion given to the minor and substitute an arbitrary course for his education. This would make the intent to educate subordinate to an arbitrary discretion and the accomplishment of the ward's desire may be dependent upon a whim of the trustees. The testamentary

intent to give an unlimited education may not be realized if the right hereto depends upon an arbitrary discretion in the trustees. The aid directed could be refused without any reason and the court would be powerless to interfere. The right is absolute and cannot be defeated by the trustees. The discretion to pay is legal and consequently under the control of the court. Hence, if it should appear to the court during the minority of the cestui que trust that all of the income should be applied for his education, after the other has no longer any desire to pursue the privilege, or is deceased, the fund should not be impaired. Each, while both are living, may demand one-half of the income and receive it during the time to which the enjoyment of the corpus is postponed, if there is honesty of effort and purpose to acquire a proper education, whatever it may be, and the amount of the income demanded is necessary therefor. But, if for any reason the payment of the share of the income to one is stopped as in the event of death or election to discontinue educational pursuits, the whole of the income must be preserved to satisfy the desire for education in the other, until the time for distribution arrives. The trustees have not attempted to exercise their judgment as to the necessity or advisability of limiting the education of either of the children. The accumulation of income is not void until the minor becomes 21 years of age. If it is suggested that the amount of the income now is more than necessary for the educational purposes of one, we reply that no person can know what the income or the desire for education may be in the future.

*Error assigned* was the decree of the court.

*S. Harry Thompson,* for appellant.—The accumulation of income provided by paragraph seventh of the will is contrary to the Act of April 18, 1853, P. L. 503; Edward's Est., 190 Pa. 177; Farnum's Est., 191 Pa. 75;

1919.]        Arguments—Opinion of the Court.

McKee's App., 96 Pa. 277; Grim's App., 109 Pa. 391; McBride's Est., 152 Pa. 192.

The person to whom the principal of the legacy will be payable being ascertained, such accumulation is payable to such legatee upon reaching the age of twenty-one years: Farnum's Est., 191 Pa. 75; Shallcross's Est., 200 Pa. 122; Washington's Est., 75 Pa. 102; Carson's App., 99 Pa. 325.

*John M. Goehring*, for appellee, cited: Wahl's Est., 8 Pa. C. C. 309; McBride's Est., 152 Pa. 192.

PER CURIAM, January 4, 1919:

This appeal is dismissed and the decree of the court below affirmed, at appellant's costs, on the opinion disallowing her claim for accumulations, followed by its opinion dismissing the exceptions to the adjudication.