## Thompson's Estate

Before Van Dusen, P. J., Stearne, Klein, Bolger, and Ladner, JJ.

*Herman J. Tahl*, for exceptant.

*William Nelson West, 3rd*, contra.

VAN DUSEN, P. J., June 7, 1940.—Testatrix gave a sum of money to her husband "in trust to invest the same and use the income or any part of the principal thereof in the

discretion of my said husband for the benefit of my brother, William E. Ulery, at such times and in such amounts as my said husband may deem fit."

William died without having received any principal or income from this legacy. His administrator claims the principal and accumulated income. The auditing judge awarded the whole to the residuary legatees.

The auditing judge cited Kelley's Estate (No. 1), 253 Pa. 466, 469. In that case there was originally an absolute legacy, which was modified by codicil as follows: " 'The legacy to E. W. Kelley I leave in trust to Edith S. Kelley to dispose (of) as she thinks best.' " It was held that the administrator of E. W. Kelley was not entitled to any part of the fund. The court, after reviewing a number of cases, stated a simple and easily-applied principle (p. 472) : "These cases establish beyond question that where, under the terms of the trust, payment to the beneficiary is left to the discretion of the trustee the ownership of the fund is not in the beneficiary." See also §128 (d) and §155 of the A. L. I. Restatement of Trusts. The result of these passages from the Restatement is that if the discretion of the trustee is uncontrolled, the beneficiary cannot compel any payment in the absence of bad faith; and if the beneficiary cannot compel any payment, a transferee or creditor of the beneficiary cannot compel a payment. As cogently argued by counsel, it also follows that the rights of his administrator can be no greater than his own.

An attempt was made to have the trustee exercise his discretion in favor of William now that William is dead. But the fund is for William's personal benefit, and it is too late now for the trustee to exercise his discretion.

It is suggested that the income of the fund was illegally accumulated. Testatrix did not direct an accumulation. The accumulation simply results from the failure of the trustee to pay, and there is no prohibition upon payment at any time: Walters' Estate, 223 Pa. 598, citing Howell's Estate, 180 Pa. 515. It is not necessary, therefore, to

decide to whom the accumulated income would go if there was an illegal direction to accumulate.

All exceptions are dismissed and the adjudication is confirmed absolutely.