## Nicholson's Estate

*Joseph S. Lord, III,* and *B. N. Richter* for exceptant.
*Stuart L. Kirk,* contra.

KLEIN, J. May 31, 1946.—We all agree with the learned auditing judge that the question raised by these exceptions is controlled by Lochrie's Estate, 340 Pa. 145 (1940) and Kelley's Estate, 253 Pa. 466 (1916).

In our opinion there are more compelling reasons for dismissing the claim of the widow of the deceased beneficiary in the present case than existed in either of those two decisions. In both the Lochrie case and the Kelley case the discretionary trusts were created for the benefit of a single beneficiary. Upon the death of the beneficiary the purpose of the trust failed in both cases and the corpus was distributed as part of testator's residuary estate.

In the present case the trust continues. It was created for the benefit of the trustee's two sons, one of whom is still living. There is nothing in the will creating the trust which directs distribution of the benefits equally between the two beneficiaries. The

father, who is trustee, has unqualified discretion to determine the proportions in which both the income and principal of the trust are to be divided between his two children. He has the right, in his discretion and under appropriate circumstances, to apply the entire trust for the benefit of one son to the exclusion of the other. Now that one son has died, the entire trust continues for the benefit of the survivor. See Neeb's Estate, 263 Pa. 197 (1919).

The exceptions are dismissed and the adjudication is confirmed absolutely.

NOTE.—Reversed by the Supreme Court, 355 Pa. 426.