## Nicholson Estate.

Argued December 3, 1946. Before MAXEY, C. J., LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*D. J. Farage,* with him *Richter, Lord & Farage,* for appellant.

*Stuart L. Kirk,* with him *Henry A. Craig,* for appellee.

Opinion by Mr. Justice Allen M. Stearne, January 6, 1947:

This appeal concerns the construction of a will. The question is whether the gift of the residue confers upon the trustee an absolute discretion *as to what, if anything,* he shall pay the beneficiaries, or merely constitutes a discretion as to the *time* or *method* of making payments.

Testator's "home made" will provided "all moneys remaining & other things of value I hereby leave to Russell E. Ricker, Sr., to be kept in trust for his two boys to be given them at his discretion."

The will is dated March 8, 1943. Testator died November 17, 1943. The beneficiaries were not related to testator. At the date of the will, Russell was aged 22 and Roy was 19 years of age. Both were then eligible for, and thereafter entered, the armed services of the United States. Both were then unmarried. Russell E. Ricker, Jr., the elder, married Iris Burgess on December 9, 1944. He was killed in the service nine days after his marriage. No issue survived.

On January 29, 1945, Russell E. Ricker, the trustee and father of the beneficiaries, filed his account as executor, which was audited before Judge Hunter. At the audit the widow of the deceased son Russell claimed that her deceased husband possessed a vested equitable interest in one half of the residuary trust fund, and hence it should be paid to his estate. The trustee maintained that his discretion consisted of his absolute determination of *what* he should pay and not merely *when* it should be paid and that therefore Russell's share was not vested and formed part of the trust estate.

Judge Hunter, with considerable reluctance, refused to adopt the widow's contention. He awarded the entire trust fund to the trustee "in trust for Roy L. Ricker" the surviving beneficiary. He said: "To my mind there should be a strong presumption in favor of the beneficiary where the gift is not limited to his life, and there

is no gift over of the unpaid portion. The disherison of a young widow, as in this case, and possibly of children, should be avoided. To carry out the distinction made by the Restatement, Trusts, §155, and by Scott on Trusts, §155, between a gift of 'only so much of the income and principal or either as the trustee in his own uncontrolled discretion shall see fit to pay or apply,' and a gift 'where the trustee has discretion merely as to time of payment, and where the beneficiary is ultimately entitled to the whole or to a part of the trust property,' I suggest that consideration be given to the nature of the gift in the first instance. Where a gift is found only in the words 'so much' of the income or principal as the trustee may pay, then it should be considered that there is no ownership in the beneficiary until payment is actually made. On the other hand, where there is first a gift to B in absolute terms or a gift 'in trust for B,' then it could be considered an equitable fee in B, and the subsequent words as to the trustee's discretion construed not as cutting down the gift, but as referring merely to time and manner of payment. The trust would be sustained as an active trust, but there being no gift over, the fund would devolve from the beneficiary upon his death as an equitable fee in the same manner as a legal fee: Boies' Estate, 177 Pa. 190; Penrose's Estate, 317 Pa. 444."

The learned auditing judge ruled that he was bound by our decisions in *Kelley's Estate,* 253 Pa. 466, 98 A. 687, and *Lochrie's Estate,* 340 Pa. 145, 16 A. 2d 133, which, he said, made no such distinction, and where the *language* in the wills are "practically identical." The court in banc, in an opinion by Judge KLEIN, added *Neeb's Estate,* 263 Pa. 197, 106 A. 317.

In our view the cited cases are not in conflict with the principles suggested by the auditing judge. Upon the contrary, they are in accord therewith.

That the *words* of the present will are nearly similar to those employed in the cases cited is not absolutely

controlling. Every will, in a sense, is unique. Precedents are of little value. The same words, or those nearly similar, used under different circumstances and contexts, may express different intentions: *Brennan's Estate,* 324 Pa. 410, 188 A. 160; *Jackson's Estate,* 337 Pa. 561, 12 A. 2d 338; *Emmerich Estate,* 347 Pa. 307, 32 A. 2d 400.

In *Lochrie's Estate,* supra, the words were: *"I give, devise and bequeath one-fourteenth [of the residue] unto my wife, Kathleen Lochrie, in trust for my son Neil Lochrie; PROVIDED however that payment of either the income or principal of the said one-fourteenth interest to said Neil shall be at the absolute discretion of my said wife."* Mr. Justice LINN said, p. 149: "In endeavoring to ascertain what the testator meant, one of the circumstances to be considered in dealing with the Neil shares, . . . is that Neil had become addicted to drink and that testator obviously desired to protect him against the consequences of his drinking habits."

In a foot note, he cited *Stambaugh's Estate,* 135 Pa. 585, 597, 19 A. 1058: *Schuldt v. Reading Trust Co.,* 270 Pa. 360, 365, 113 A. 545. We have uniformly held that in construing a will all of the surrounding circumstances may and ought to be considered: See *Postlethwaite's Appeal,* 68 Pa. 477; *McGlathery's Estate,* 311 Pa. 351, 166 A. 886; *Prime's Petition,* 335 Pa. 218, 6 A. 2d 530; *Jackson's Estate,* supra; *Schmick Estate,* 349 Pa. 65, 36 A. 2d 305; *Harris Estate,* 351 Pa. 368, 41 A. 2d 715.

The *Lochrie* case discloses that testator had had fourteen children. Two had died leaving issue. Twelve survived. Testator divided his residue into fourteen equal shares, eleven of which were given absolutely to his eleven surviving children and two shares were given, per stirpes, to the issue of his two deceased children. The remaining share was not given to his son Neil absolutely, but was placed *in trust* with testator's wife (Neil's mother) with payments of either income or principal to

be made *"at the absolute discretion"* of the wife. In construing the words of the trust, and taking into consideration that "Neil had become addicted to drink" and that "testator obviously desired to protect (Neil) against the consequences of his drinking habits" (page 149), this Court decided that any payments to Neil of either principal or income were in the absolute discretion of his mother; that the fund was not given to Neil, but only so much thereof as the mother saw fit to pay him. Obviously testator's intent and concern was not *WHEN* the trustee should pay, but *WHAT* sums, if any, his son should receive and those only when the mother saw fit.

The rule was accurately stated at page 153: "The general rule is that if payment to a beneficiary is left to the absolute discretion of the trustee, the ownership of the fund is not in the beneficiary; this is so because the fund was not given to him; he could receive only what the trustee should think fit to give. As Neil's mother was vested with absolute discretion, Neil, in his lifetime, could not have compelled her to make any payment to him so long as she acted in good faith."

Because of the decision that the trustee possessed the absolute discretion as to *what,* if anything, should be paid to the beneficiary, it was not necessary to the decision to state the corollary to this legal principle, namely, that if the fund *was* given to the beneficiary and the trustee had only the discretion *as to the time and method of payment* the rule would be directly contrary to that which was stated.

In *Kelley's Estate,* supra, the will made a bequest of $10,000 absolutely to a nephew. "For some reason undisclosed" (p. 470), testator made a codicil to the will revoking the legacy and providing: *"The legacy to (the nephew) I leave in trust to (testator's wife) to dispose (of) as she thinks best."* Here again, as in *Lochrie's Estate,* supra, the codicil disclosed not the slightest intention of passing the ownership of the fund to the nephew,

with the discretion in the trustee merely to determine the time or method of payment. Justice STEWART said, p. 470: ". . . (the) bequest . . . denies [the nephew] possession, ownership and control, and gives the bequest directly to a trustee . . . under terms and conditions which make the extent of his enjoyment . . . depend upon the pleasure of the trustee and of her alone. . . ."

In *Neeb's Estate,* supra, the words were *"to pay, from time to time, such portion of said income and profits as [the trustees] in their judgment may deem necessary and advisable to pay for the purpose of aiding the children . . . . . in getting as good an education as said children may desire to get. . . . . ."* We affirmed, per curiam, the opinion of the court below, ruling that payments of income were solely in the absolute discretion of the trustees and therefore the beneficiaries had no equitable vested interest in shares of unexpended income.

In each of these cases, which the auditing judge felt ruled the construction in the present will, the discretion was clearly to pay the beneficiary *what* the trustee determined. Our decisions were in conformity with the statements in Restatement, Trusts, § 155 and Scott on Trusts § 155, and in the other cases cited in our opinions. However, our research has disclosed no case, and none has been cited, which consider the exception stated in Scott, supra, *where (the trustee) has discretion only as to the time or method of making payments to the beneficiary or applying the trust funds for his benefit.*

We are of opinion that in the present case, the words of the will, taken in consideration with the surrounding circumstances when the will was executed, disclose testator's clear intention to limit the trustee's discretion solely to the time or method of making payment. In the first instance, the gift was to the trustee "to be kept *in trust* for his two boys" (italics ours). We do not regard the immediate phrase following: "to be given them at his discretion" as cutting down the gift, but referring

merely to the time and manner of payment. It is true that in the *Lochrie* case, there was an immediate gift to the beneficiary of an equitable estate, but the *proviso,* considered with the surrounding circumstances, effectively cut down the gift, and conferred upon the trustee a discretion to pay the beneficiaries whatever, if anything, she chose. In *Kelley's Estate,* and *Nceb's Estate,* supra, there were no initial gifts of the equitable estate to the beneficiaries, but such payments were left to the discretion of the trustees.

The circumstances surrounding the execution of this will discloses a far different situation than existed in the *Lochrie Estate.* There, as recited above, we held that the facts revealed that "testator obviously desired to protect [the son] against the consequences of his drinking habits." Here no such consideration existed. The beneficiaries were friends of testator; they were immediately potential service men, and shortly thereafter did enter the armed service; there was an immediate probability that these soldiers would be assigned to foreign shores or to distant parts of their own country; there was the real possibility of casualty and at the close of the war they would require readjustment in civilian life; also there was a probability of marriage and families, either here or abroad. Depending on the necessities or requirements of these beneficiaries, the discretion conferred upon the father, as trustee, was not *what,* if anything, he should pay them, but *the time and manner of payment.*

We therefore decide that the words of this will, taken in conjunction with the surrounding circumstances, conferred an equitable fee in one half of the residuary trust estate upon each of the two beneficiaries, with the discretion in the trustee merely as to the time and manner of payment.

As this Court did in *Ryon's Estate,* 318 Pa. 171, 178 A. 133, we conclude that this will should be construed as the learned court below thought it should be and would

have construed it had it not felt bound by the cited cases. As the beneficiary, Russell E. Ricker, Jr., is now deceased, the discretion of the trustee has terminated and ended. His share is to be paid to the personal representative of his estate. Out of this fund whatever the trustee has paid the beneficiary's widow, after his death, must be charged to her share in distribution. The remaining one half share is to be paid to the trustee in trust for Roy L. Ricker, the other son.

The decree of the court below is reversed, at the cost of the appellee, with directions to proceed with distribution in accordance with this opinion.