## BOGGS v. BAXTER.

Court of Appeals of Kentucky.

Oct. 23, 1953.

John S. Deering, Nicholasville, for appellant.

D. L. Pendleton, Winchester, for appellee.

STEWART, Justice.

This suit for a declaration of rights seeks a judicial interpretation of the will of J. J. Baxter, appellee's deceased father. The facts out of which this litigation grew are that on May 20, 1953, appellee, W. J. Baxter and his wife, Eva, entered into a written contract with appellant, O. T. Boggs, whereby the former agreed for a fixed price to convey certain land in Jessamine County to the latter in fee simple. Thereafter, when Baxter tendered a general warranty deed to Boggs, he declined to accept it and refused to pay the purchase price, insisting that Baxter does not have and cannot convey a marketable title to the tract because the land involved was not devised to him in fee by his father's holographic will, which reads thus:

"Nicholasville, Ky., February 17th, 1922

"Last and only Will of mine.

"I hereby bequeath to my wife, Verina Baxter all of my real and personal property after my death as long as she remains my widow and then it goes to my son W. J. Baxter and his children but if he gets disable to make his living him and his mother is to receive one half of the proceed.

"Given under my hand this the 17th February, 1922.

"J. J. Baxter"

It is stipulated that the testator died in 1922, leaving no brother, sister, father, mother, or grandparent surviving him; that Verina Baxter, his widow, died in 1945 without having remarried; that W. J. Baxter is the only child of J. J. Baxter and Verina Baxter; and that W. J. Baxter is married but has no children.

The only controversy between the parties herein centers around the construction

of the words, "and his children," appearing in the will after the name, W. J. Baxter. Boggs insists that the phrase, "and his children," must be construed as words of purchase and, if this be true, Baxter has only a life estate in the land which he seeks to convey. Baxter, on the other hand, argues that the words in question, when read in conjunction with the entire will, are words of limitation, with the result that he must be deemed absolute owner of the tract.

The Chancellor, the Honorable Chester D. Adams, upon entering a learned and exhaustive opinion upholding Baxter's contention, overruled a demurrer to the petition and ordered that Boggs accept the deed to the property and pay the purchase price. This appeal is from the judgment manifesting this ruling.

■ At the outset, certain established rules governing the construction of wills should be stated. First, all doubts should be resolved in favor of the early vesting of a fee as to any real estate devised. Clay v. Security Trust Co., Ky., 252 S.W.2d 906. Second, if the language of a will is doubtful and admits of two constructions, the one conveying an absolute fee, the other a life estate, the court will construe the language as conveying an absolute fee. Edwards v. Cave, 150 Ky. 272, 150 S.W. 369. Finally, we must keep in mind the cardinal principle that the paramount purpose of a court in construing a will is to ascertain and give effect to the intention of the testator as gathered from the instrument as a whole. Points v. Points, 312 Ky. 348, 227 S.W.2d 913.

In Re Nicholson's Estate, 355 Pa. 426, 50 A.2d 283, 284, 172 A.L.R. 450, the following statement was made which is pertinent to this case: "That the words of the present will are nearly similar to those employed in the cases cited is not absolutely controlling. Every will, in a sense, is unique. Precedents are of little value. The same words, or those nearly similar, used under different circumstances and contexts, may express different intentions".

■ Turning now to this case, it is clear even from a casual reading of the will that the testator had and recognized two objects of his bounty, his wife and his only son. He not only provided that his son should have the remainder interest in the estate in event of the remarriage or death of his wife, but he went on to provide that prior to the happening of either contingency, should the son be unable to make a living, he should share equally in the life estate, thus creating a possible reduction in the wife's income in favor of the son. The will shows on its face the testator did not consider that there might be any children other than his son, because the devise to the son is in no wise limited and there is no devise or bequest over in case the son should have no children. Considering the facts we have outlined together with the circumstances at the time of the execution of the will, we conclude that the words "and his children" are words of limitation and that Baxter was devised a fee by his father. Our holding is fully supported by the first and second rules of construction we laid down above.

Appellant relies chiefly upon the case of Frey v. Clark, 176 Ky. 661, 197 S.W. 414, in support of his theory that the words "and his children" must necessarily be construed in every case as words of purchase. An examination of this case, however, reveals that even there the court reached its decision by reading the instrument as a whole and by this method it was decided that the words "and her children" were words of purchase rather than of limitation. A deed was involved in the Frey case and this Court therein considered different words employed in a manner dissimilar from those embraced and used in the instant will. For this reason, the case is not controlling.

Wherefore, the judgment is affirmed.