Robert Wayne SMITH et al., Appellants,

v.

Byrd Smith WHITE et al., Appellees.

Court of Appeals of Kentucky.

April 24, 1964.

Joseph E. Fineman, Felix J. Sanders, Jr., and Herman E. Frick, Louisville, for appellants.

Davis Williams, Munfordville. for appellees.

CULLEN, Commissioner.

This appeal involves the construction of the residuary clause of the holographic will of Kate Smith, which is:

"* * * the rest of my estate land and Stock and belongings to my sister Poca Smith, if she out lives me she devide my little among my nephews & Nieces." .

Poca survived Kate and subsequently died leaving a will in which she undertook to devise all of her estate, including what she had received from Kate, to a brother and two sisters.

The appellants are the nephews and nieces. Their contention is that the will gave Poca a life estate with remainder to them. The appellees are the devisees under Poca's will. They contend that Kate's will gave Poca a fee simple except for personal keepsakes (they say that the words "my little" means keepsakes).

The circuit court adjudged that Poca took a fee simple under Kate's will. The judgment was based on the following conclusions of law:

1. The ambiguity in the will is patent and therefore extrinsic evidence is not admissible to show the intent.

2. That portion of the will beginning with the words "if she out lives

me" is so unintelligible, indefinite and uncertain as to be incapable of being given effect, so *that portion* is void.

3. Even if such portion of the will is not void for uncertainty the will should be considered to give Poca a fee, under the rule that where a will is susceptible of two interpretations, one conveying a fee and the other a lesser estate, the court will adopt the construction favoring a fee.

■ The appellants first contend that extrinsic evidence should have been admitted. They offered evidence that Kate on occasions had referred to her property as her "little estate." They maintain this was admissible to show that in using the words, "my little," in the will, Kate meant all of her estate. Assuming for the purpose of argument that this evidence was admissible, we do not see how the admission would help, because even if "my little" be construed as "all of my estate" the will is still ambiguous. It is impossible to determine whether Poca was being designated as an executrix or trustee to make an *immediate* division among the nephews and nieces, or was given a life estate with power to appoint the remainder unequally among the nephews and nieces, or was given a life estate with remainder equally to the nephews and nieces.

■ The appellants also offered evidence of a witness that on one occasion some few years after the will was executed, Kate had said that she "wanted Poca to run the place like she ran it until she died and then she wanted her part of the stuff to go to her nephews and nieces." The authorities relied upon by the appellants do not support their argument that this kind of evidence is admissible. They go no farther than to hold that extrinsic evidence is admissible for the purpose of *identifying the person or the subject matter,* or in other words, *to determine the nature of the property willed and those entitled to it.* See Eichhorn v. Morat, 175

Ky. 80, 193 S.W. 1013; Hall's Adm'r v. Compton, Ky., 281 S.W.2d 906. No authority is cited for the proposition that extrinsic evidence is admissible to show *what kind of legal estate* the testator intended to create.

■ The appellees offered evidence designed to show that in using the words, "my little," Kate meant her personal keepsakes. We believe that extrinsic evidence is admissible to show that certain words used by a testator had a peculiar personal or colloquial meaning. See Jarman on Wills, sec. 732. But here the evidence that was offered simply did not prove that Kate had ever used the words "my little" as referring to her keepsakes. The evidence really amounted to nothing more than expressions of opinions by witnesses that they thought she probably meant her keepsakes when she used the words "my little" in the will.

■ It is our conclusion, therefore, that the trial court's ruling on the matter of admission of extrinsic evidence was not prejudicial, though perhaps erroneous in part.

■ The appellants next contend that the trial court erred in holding only part of the residuary clause void for uncertainty. With this we agree. It is apparent that Kate intended some kind of limitation on the devise to Poca—she did not intend Poca to have an unqualified fee. Therefore, for the court to hold invalid only the part of the will imposing the limitation or qualification would produce a result obviously not intended by the testatrix. It is our opinion that the entire residuary clause must be held void for uncertainty. See McKee v. Hedges, Ky., 297 S.W.2d 45; Whitehead v. Donnelly, Ky., 368 S.W.2d 337.

■ It is our opinion also that this is not a proper case for application of the rule that if the language of a will is doubtful and admits of two constructions, one conveying an absolute fee and the other a

lesser estate, the court will construe the language as conveying an absolute fee. See Boggs v. Baxter, Ky., 261 S.W.2d 684. Kate's will is not susceptible to the construction that Poca was to get an absolute fee in Kate's main property unless the words "my little" are interpreted to mean keepsakes. There is nothing in the will itself to suggest that meaning, and as we hereinbefore have said, the extrinsic evidence did not prove any such meaning. We believe that the rule above stated, favoring a fee construction, should not be applied where a fee construction is only a bare, remote, speculative possibility.

The judgment is reversed with directions to enter judgment holding the entire residuary clause of the will void for uncertainty.